Curran, Dennis J., J.
Susan Meddaugh brings this action against WGBH Educational Foundation for breaching their agreement, misrepresentation, and engaging in deceptive trade practices. Further, Ms. Meddaugh brings actions against both WGBH and DHX Media, Ltd. for unjust enrichment and conversion. [1] The agreement grants WGBH certain rights with respect to Ms. Meddaugh’s book series, Martha Speaks. The defendant WGBH now seeks to dismiss all seven counts of the complaint.
After reviewing the parties’ submissions, WGBH’s motion for dismissal is ALLOWED on Count IV, but DENIED on Counts I, II, III, V, VI and VII.
*265 BACKGROUND
Based upon the record before the Court, the Court makes the following preliminary findings for the purpose of deciding this motion only.
Susan Meddaugh created Martha Speaks, a children’s book series about a dog who eats alphabet soup and gains the ability to speak. Ms. Meddaugh entered into an agreement with WGBH Educational Foundation regarding Martha Speaks on May 11, 2005. The agreement sets forth WGBH’s rights with respect to the Martha Speaks intellectual property. The agreement grants WGBH the right to “develop, produce, or cause to be produced, exhibit, distribute and otherwise exploit throughout the universe in perpetuity.” First Amended Complaint ¶13. From this agreement, WGBH created the TV series, Martha Speaks. Further, the agreement grants WGBH the license to sell, distribute, manufacture, and promote merchandise related to Martha Speaks. In her complaint, Ms. Meddaugh contends that under the agreement, WGBH is “required to pay Ms. Meddaugh a portion of the revenues it receives for exploitation of the [productions as provided for in the Contract.” Id. at ¶16.
WGBH’s alleged exploitation of Martha Speaks includes, but is not limited to: creation of software applications, assigning rights to third-parly companies, and the show’s promotion on PBS Kids, a partner of WGBH. However, Ms. Meddaugh contends that the agreement only permits WGBH to assign licensing rights, not properly rights, to third parties (which Ms. Meddaugh alleges WGBH has assigned to DHX). She further alleges that WGBH has failed to provide the proper accountings, has unfairly allocated overhead, and has misrepresented the actual profits of Martha Speaks.
DISCUSSION
I. Introduction
WGBH moves to dismiss Ms. Meddaugh’s complaint on several grounds. First, it contends that under Mass.RCiv.P. 8, Ms. Meddaugh’s complaint is not a “short plain statement.”[2] Second, WGBH contends that the “unjust enrichment (Count IV), conversion (CountV) and Chapter 93A (Count VII) claims, and at least part of [Ms. Meddaugh’s] breach of contract (Count II) and breach of the implied covenant of good faith and fair dealing (Count III) claims” are preempted by the Federal Copyright Act 17 U.S.C. §301 etseq. (2012), and therefore, should be dismissed under Mass.RCiv.P. 12(b)(1) and 12(b)(6). WGBH Motion to Dismiss p. 10-11. Third, WGBH argues that if not preempted, all counts fail to state a claim under Mass.RCiv.P 12(b)(6). Finally, WGBH contends that Ms. Meddaugh’s claims are barred by the statute of limitations.
II. Federal Preemption
A. Standard of Review
If a complaint falls within the scope of the Copyright Act it is under the sole jurisdiction of federal courts. A claim that is within the type of works protected by the Copyright Act and asserts a legal or equitable right equivalent to an exclusive right under §106 of the Act will be preempted. Curtis v. Herb Chambers 1-95, Inc., 458 Mass. 674, 677 (2011). Moreover, a court should consider the claim equivalent to an exclusive right where: “(1) an act that abridges the right would, by itself, infringe an exclusivé right provided by [flederal copyright law, e.g., an act of reproduction, performance, distribution, or display; and (2) the [s]tate law claim includes no ‘extra element’ that changes the ‘nature of the action so that it is qualitatively different from a copyright infringement claim.’ ” Id. at 678. In summary, “if the plaintiff can prevail even though the plaintiff holds no copyright or right equivalent to copyright,” the claim is qualitatively different. Id.
B. Defendant’s Contentions
WGBH contends that the Copyright Act preempts the unjust enrichment, conversion, and Chapter 93A claims, and part of the breach of contract and breach of implied covenant of good faith and fair dealing.
As to the unjust enrichment claim (Count IV), the Court finds merit in the defendant’s argument that this is merely an allegation of copyright infringement. It is clear that the property is a tangible medium of expression within the types of work protected by the Copyright Act. 17 U.S.C. §102(a). Further, the claim is an equitable claim, which Ms. Meddaugh would have no right to if she did not hold a copyright to the Martha Speaks material. See id. Ms. Meddaugh argues that WGBH “has been exploiting Martha Speaks in its joint venture with DHX which they have no right to do and in WGBH’s business transactions with software application distributors and Chick-fil-A even though WBGH does not have the rights to do so.” First Amended Complaint ¶56. For the unjust enrichment claim to stand, it would need to contain an additional element to make it qualitatively different from a copyright claim. See Curtis, 458 Mass, at 678. However, if Ms. Meddaugh did not have a copyright to this material, WGBH would not have been unjustly enriched as she claims because WGBH would have had the right to use the materials; therefore, the Copyright Act preempts Count IV.
Next, WGBH contends that the alleged conversion (Count V) is also preempted. Here, the Court finds an additional element, making the claim qualitatively different from a copyright claim. The conversion here is not solely the “unauthorized reproduction of the copyright work,” as WGBH contends. WGBH Motion to Dismiss p. 11. Ms. Meddaugh alleges that the conversion was the wrongful exploitation in violation of the agreement with WGBH, coupled with misrepresentations to Ms. Meddaugh about the exploitation of the property. Because the rights sought to protect are the rights granted under the contract, the Court finds these added elements sufficient to make this claim qualitatively different from a copyright claim. See *266 Henry v. Nat’l Geographic Soc’y, 147 F.Sup. 16, 21 (D.Mass. 2001).
Also, WGBH believes the Copyright Act preempts Ms. Meddaugh’s Chapter 93A claim (Count VII). WGBH argues that because the claim is based solely on “an alleged infringer’s act of displaying, selling or promoting the infringing work as his own” it is preempted. WGBH Motion to Dismiss p. 12. However, the Court agrees with Ms. Meddaugh that this claim contains the extra elements necessary to remove it from the Copyright Act’s grasp. Her complaint alleges WGBH engaged in unfair trade practices and misrepresentation to circumvent the obligations of the contract. Since the 93A claim is also based on allegations of misrepresentation, it “does not rest on any right or entitlement equivalent to copyright.” Curtis, 458 Mass, at 683.
Moreover, the Court finds no merit in WGBH’s argument that portions of the breach of contract (Count II) and breach of covenant of good faith and fair dealing (Count III) are preempted. Ms. Meddaugh’s rights as to these claims are granted under the terms of the contract and because she seeks “to enforce [her] contractual rights rather than assert any rights equivalent to the exclusive rights provided by §106 of the Act, [her] breach of contract claims [are] not preempted.” Lee v. Mt. Ivy Press, L.P., 63 Mass.App.Ct. 538, 552 (2005).
III. Failure to State a Claim
A.Standard of Review
When ruling on a motion to dismiss for failure to state a claim, Mass.R.Civ.P. 12(b)(6), a court must inquire whether the plaintiff has “alleged such facts, adequately detailed, so as to plausibly suggest an entitlement to relief. Iannachino v. Ford Motor Co., 451 Mass. 623, 636. Further, a Court should construe the complaint in favor of the plaintiff for purposes of deciding the motion. See Richards v. Arteva Specialties S.A.R.L., 666 Mass.App.Ct. 726, 730 (2006). Therefore, factual allegations should be construed as true, even if doubtful. Iannacchino, 451 Mass, at 635-36.
B.Count I—Request for Accounting
WGBH’s motion to dismiss Count I is without merit. Ms. Meddaugh sufficiently alleges that the contract entered between the parties requires accountings, and further, that they have not been provided.
C.Count II—Breach of Contract
WGBH alleges that Ms. Meddaugh’s breach of contract fails to state a claim. Ms. Meddaugh alleges and WGBH does not dispute that there was indeed a contract between the parties. Further, her allegation that she, inter alia, has not received funds to which she is entitled, coupled with the complaint’s attachments, raises this claim above the speculative level.
D.Count III—Covenant of Good Faith and Fair Dealing
Since the Court does not agree with WGBH that Ms. Meddaugh failed to successfully allege a breach of contract, WGBH’s argument that there can be no breach of the covenant of good faith and fair dealing also fails. While it is true that the implied covenant does not “create rights or duties beyond those the parties agreed to,” it does require the parties to honor the agreement by not attempting to injure the other party. Curtis, 458 Mass, at 680. If true, Ms. Meddaugh’s allegation of excessive overhead allocation could be found to be an attempt to injure her.
E.CountV—Conversion
Ms. Meddaugh’s allegation that WGBH “wrongfully exercised dominion and control over the [property by exploiting it in contravention of the [c]ontract and inconsistent with its representations to Ms. Meddaugh,” is also sufficient to pass Mass.R.Civ.P. 12(b)(6) muster. First Amended Complaint ¶60. Again, assuming the factual allegations as true, Ms. Meddaugh alleges that WGBH’s contractual rights did not include the right to exploit in such a manner as WGBH has, thus providing a plausible entitlement to relief.
F.Count VI—Intentional or Negligent Misrepresentation
As WGBH points out, for a plaintiff to prevail on a Rule 12(b)(6) motion to dismiss a misrepresentation claim, a plaintiff must allege fraudulent misrepresentation with specificity. WGBH further states that Ms. Meddaugh must “allege and prove that the defendant made a false representation of material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon ...” WGBH Motion to Dismiss p. 19. While this may be true to prove a misrepresen- • tation claim, Ms. Meddaugh need not prove the allegation in the complaint, but merely allege acts with specificity as to raise the suspicion of relief above the speculative level. Ms. Meddaugh’s complaint alleges that WGBH made false statements as to Martha Speaks' profitability—a statement that a reasonable person could find was intended to induce Ms. Meddaugh to rely upon her detriment. Therefore, the complaint is specific enough to withstand a 12(b)(6) motion.
G.Count VII—Chapter 93A Claim
WGBH argues that Ms. Meddaugh’s complaint fails to allege unfair or deceptive conduct under G.L.c. 93A, §§2 and 11. Further, WGBH claims that the use of Martha Speaks “to solicit public donations to obtain charitable contributions and donations from the public—was authorized under the Agreement.” WGBH Motion to Dismiss p. 20. If true, her allegation that WGBH’s conduct in deceiving both Ms. Meddaugh and the public was motivated by a pernicious purpose could be reasonably founded. Due to the fact-finding *267 process necessarily involved in evaluating the issue and the existence of unfair and deceptive acts that present questions of fact, this claim should not be decided on a Rule 12(b)(6) motion. See Berklee College of Music, 733 F.Sup.2d 204, 213 (D.Mass. 2010); Teitelbaum v. Hallmark Cards, Inc., 25 Mass.App.Ct. 555, 562.
IV. Statute of Limitations
WGBH has stated that the statute of limitations for a breach of contract and covenant of good faith claims is six years; the statute of limitations for a tort claim is three years; and the statute of limitations for a 93A claim is four years. However, Ms. Meddaugh directs the Court’s attention to certain tolling provisions in the contract and that continuing tortious conduct can be tolled under Massachusetts law. At this time, the Court is unable to determine the applicable dates and grants Ms. Meddaugh thirty days to amend her complaint to provide precise dates to satisfy the statute of limitations issue.
ORDER
For these reasons, the defendant WBGH’s motion to dismiss is ALLOWED on Count IV and DENIED on Counts I, II, III, V, VI, and VII.

The claims against Houghton Mifflin Company are not presently before the court.

he Court finds no merit in this argument. The complaint is coherent, twenty pages in length, and clearly notifies the defendants of Ms. Meddaugh’s claims. See Driscoll v. Board ofTYs. of Milton Acad., 70 Mass.App.Ct. 285, 299 (2007).